Harold Wayne TABOR, Movant,

v.

COMMONWEALTH of Kentucky,
Respondent.

Supreme Court of Kentucky.

Oct. 13, 1981.

As Modified on Denial of Rehearing
Jan. 12, 1982.

Frank W. Heft, Jr., Chief Appellate Defender, Daniel T. Goyette, Chief Public Defender, Louisville, for movant.

Steven Beshear, Atty. Gen., Robert W. Hensley, Asst. Atty. Gen., Frankfort, for respondent.

STEPHENSON, Justice.

Harold Tabor was indicted for the offense of theft by unlawful taking and as a persistent felony offender. A jury convicted Tabor of the offense of theft by unlawful taking, KRS 514.030, and recommended five years' imprisonment. In the second phase of the trial, he was found guilty of being a persistent felony offender in the first degree, KRS 532.080(6), and his punishment was enhanced to ten years' imprisonment. He was sentenced accordingly. The Court of Appeals affirmed the judgment of the trial court. We granted discretionary review and affirm.

Tabor argues four assertions of error as treated in the opinion of the Court of Appeals. We consider only the first argument by Tabor, that the trial court erroneously permitted a parole officer to testify in the persistent felony offender phase of the trial. Tabor asserts this testimony is a violation of KRS 439.510. The other assertions of error are adequately disposed of by the Court of Appeals and do not merit further discussion.

After the jury had found Tabor guilty of theft by unlawful taking, the trial court proceeded to the persistent felony offender portion of the trial. During this proceeding, over Tabor's objection, the trial court permitted a probation/parole officer to testify concerning Tabor's date of birth, the period of time served for prior felony convictions, and the admission and release dates from Kentucky penal institutions.

The Court of Appeals disposed of this argument by holding that the probation/parole officer was testifying to information obtained from a public record and that the prohibitions contained in KRS 439.510 did not apply.

Thus we are presented with a question of the proper interpretation of KRS 439.510:

"Information obtained by probation, parole or conditional release officer[1] to be privileged.—All information obtained

1. The legislature in 1980 amended KRS 439.510 by deleting "conditional release officer."

in the discharge of official duty by any probation, parole or conditional release officer shall be privileged and shall not be received as evidence in any court. Such information shall not be disclosed directly or indirectly to any person other than the court, board, bureau or others entitled under KRS 439.250 to 439.560 to receive such information, unless otherwise ordered by such court, board or bureau."

We are also in the position of harmonizing two opinions of the Court of Appeals. Another panel of the Court of Appeals has in an opinion approved testimony in a persistent felony offender proceeding by a parole officer testifying to the defendant's age, current parole status, and release date from a Kentucky penal institution. The very practical basis for the holding was that the persistent felony offender statute established information as to the criminal defendant's parole status and imprisonment as required elements of proof, and without the parole officer's testimony there might not be a method of proving essential elements of the charge.

Tabor relies upon *Henderson v. Commonwealth*, Ky., 507 S.W.2d 454 (1974). In *Henderson* the defendant sought information from the Commissioner of Corrections concerning his past conduct for the information of consulting psychiatrists, with regard to a defense of insanity. The request was denied on the ground that it was privileged by virtue of KRS 439.510. The trial court sustained the denial by declining to order disclosure of the information. This court simply held that although the trial court may have had discretion to order a disclosure since the object for which the information was sought was not related to the purposes of probation and parole, that it was not an abuse of discretion to deny the motion for disclosure.

KRS 439.510 was first enacted by the legislature in 1956, and in view of the long history of first the Habitual Criminal Statute and now the Persistent Felony Offender Statute, the question naturally arises as to why this question is being presented for the

first time. The answer is contained in the provisions of the Persistent Felony Offender Statute, KRS 532.080 as amended in 1976. Then for the first time dates of imprisonment, probation and parole status, dates of discharge from probation or parole or imprisonment were made essential elements of proof of persistent felony offender status.

If we adopt Tabor's argument the literal language of the statute could be construed that once a probation or parole officer obtained the information, the information itself would be privileged and no one could testify as to it. This would presuppose that the legislature did a vain thing in amending KRS 532.080, and by its own terms renders the amendment a nullity by prohibiting the same information it requires.

KRS 446.080 provides that "(1) All statutes of this state shall be liberally construed with a view to promoting their objects and carry out the intent of the legislature." We are of the opinion the intent of the legislature in KRS 439.510 was to create a "privilege" statute consistent with the general principles of privileged communication.

At common law there is an established rule that confidential communications made to an attorney in his professional character are privileged; likewise privileged are confidential communications between husband and wife. These rules were codified in KRS 421.210(1), husband and wife, and KRS 421.210(4), attorney and client.

In addition to these common law privilege rules the legislature has provided for the "privilege" as to clergyman-priest concerning information confidentially communicated in professional capacity under circumstances that disclosure would violate a sacred or moral trust, KRS 421.210(4), physician and patient, KRS 213.200,[2] and psychiatrist-patient, KRS 421.215.

In looking at the rationale for privileged communications, "four fundamental conditions are recognized as necessary to the

2. Applicable only to Chapter 213, Kentucky Revised Statutes.

establishment of a privilege against the disclosure of communications:

(1) The communications must originate in a *confidence* that they will not be disclosed.

(2) This element of *confidentiality must be essential* to the full and satisfactory maintenance of the relation between the parties.

(3) The *relation* must be one which in the opinion of the community ought to be sedulously *fostered*.

(4) The *injury* that would inure to the relationship by the disclosure of the communication must be *greater than the benefit* thereby gained for the correct disposal of litigation." 8 Wigmore, Evidence Sec. 2285, p. 527. These general principles are applicable in whole or in part in all instances where the "privilege" is recognized. See also 81 Am.Jur.2d Witnesses 141 et seq.

The four conditions above give rise to the reason for an exception to the proposition that all persons are duty bound to give testimony upon all facts inquired of in a court of justice.

We have held that the attorney-client privilege is not absolute, that there are in special conditions limitations particularly where the act in question or the communication cannot be said to fall within the scope of the professional employment. See *Hughes v. Meade*, Ky., 453 S.W.2d 538 (1970). Therein we expressed approval of a statement in *Wigmore on Evidence* that the privilege ought to be strictly confined within the narrowest possible limits consistent with the logic of its principle.

The attorney-client, husband-wife, priest-penitent, physician-patient statutes all provide for prohibition against the individual testifying. KRS 439.510, if taken literally, provides that the information is privileged regardless of who is testifying. Thus, a literal construction of this statute would convert information contained in a public record to a "privilege" for the reason that it was obtained by a probation or parole officer and could not be testified to by any witness. This is the logical result of Ta-

bor's argument. Consequently if this argument is accepted, the persistent felony offender statute would be unenforcible for the reason that the essential elements of the charge are comprised of information ordinarily obtained by a probation or parole office. This would nullify the persistent felony offender statute and clearly would not be consistent with the principle of promoting the objects of the legislature.

Clearly the legislature intended KRS 439.510 to be a "privilege" statute consistent with some or all the conditions ordinarily present to warrant a privileged communication.

■ We are of the opinion that the content of the testimony presented here is not within the prohibitions of the statute. The status information required to prove the charges in KRS 532.080 may be testified to by any witness including probation and parole officers and is not privileged.

The opinion of the Court of Appeals and the judgment of the trial court are affirmed.

All concur.