810 F.2d 203
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Benjamin ROSE, Petitioner-Appellant,
v.
Gene A. SCROGGY and Attorney General of Kentucky,
Respondents-Appellees.
 No. 86-5270.
 United States Court of Appeals, Sixth Circuit.
 Nov. 14, 1986.
 
 Before LIVELY, Chief Judge and MARTIN and BOGGS, Circuit Judges.
 
 ORDER
 
 1
 This case has been referred to a panel of the Court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the informal brief and record, this panel agrees unanimously that oral argument is not needed. Rule 34(a), Federal Rules of Appellate Procedure.
 
 
 2
 In this action for habeas corpus relief under 28 U.S.C. § 2254, petitioner attacks the constitutionality of a 1981 conviction for wanton endangerment enhanced by a persistent felony offender finding. The district court dismissed the petition and this appeal followed. On appeal, petitioner has filed an informal brief and moves for the appointment of appellate counsel.
 
 
 3
 Upon consideration, we agree with the district court's disposition of this cause. Petitioner's first claim is that he was prejudiced at trial by the absence of an evidentiary hearing to determine his mental competency. In reviewing this claim, the district court correctly applied the standard set forth in Williams v. Bordenkircher, 696 F.2d 464, 466 (6th Cir.), cert. denied, 461 U.S. 916 (1983). The district court found, as we find, that the record is completely lacking in any factual support for this claim.
 
 
 4
 The second of petitioner's allegations is that it was error to permit a state parole officer to testify during the persistent felony offender phase of the trial as to petitioner's prior criminal conviction. This is apparently based on Kentucky law prohibiting a parole officer from testifying as to information received in the course of his official duties. This claim is meritless. Not only do we have grave doubts as to whether or not this claimed error would be cognizable in a federal habeas corpus proceeding, but we find that Kentucky law permits parole officers to offer this kind of testimony. See Tabor v. Commonwealth, 625 S.W.2d 571 (Ky.1982).
 
 
 5
 Petitioner's third claim is that the use of a prior conviction to enhance his wanton endangerment sentence was violative of double jeopardy proscriptions. This claim lacks merit. Montgomery v. Bordenkircher, 620 F.2d 127 (6th Cir.) (per curiam), cert. denied, 449 U.S. 857 (1980).
 
 
 6
 Petitioner's final contention is that he was prejudiced by the trial court's failure to define 'beyond a reasonable doubt' in jury instructions as requested by the defense. Kentucky's practice of prohibiting such an instruction (K.R.Cr. § 9.56(2)) has passed muster in this Court. Whiteside v. Parke, 705 F.2d 869 (6th Cir.), cert. denied, 464 U.S. 843 (1983). We affirm.
 
 
 7
 It appearing therefore that the question on which decision of the cause depends is so unsubstantial as not to need further argument, Rule 9(d)(3), Rules of the Sixth Circuit,
 
 
 8
 It is ORDERED that the motion for counsel be denied and that the final order of the district court be and it is hereby affirmed.