**Kenneth LAND, Martha Land, and Kendra Land, Movants,**

v.

**Wilbur A. EDWARDS, Johnetta Haselden, and Agway Insurance Company, Respondents.**

No. 92–SC–665–D.

Supreme Court of Kentucky.

May 21, 1993.

As Amended, June 10, 1993.

*ORDER DENYING DISCRETIONARY REVIEW*

PRIOR REPORT 851 S.W.2d 484.

The motion for review of the decision of the Court of Appeals is denied.

STEPHENS, C.J., REYNOLDS, SPAIN and WINTERSHEIMER, JJ., concur.

LAMBERT J., would grant.

LEIBSON, J., dissents by separate opinion in which COMBS, J., joins.

ENTERED May 21, 1993.

/s/ <u>Robert F. Stephens</u>
Chief Justice

LEIBSON, Justice, dissenting.

Respectfully, I dissent from the decision of our Court to deny discretionary review, permitting the Court of Appeals' Opinion in this case to be published.

This is a case involving major issues of institutional importance for at least three reasons:

1) The case involves substantial questions regarding the constitutionality of a statute having a major impact on the trial of many cases, and the Judicial Article intends for the Kentucky Supreme Court, not the Court of Appeals, to decide questions of this nature.

2) The Court of Appeals defers to a statute enacted by the General Assembly to prescribe that certain evidence will be an "admissible fact" in "all actions for damages" in this Commonwealth (KRS 411.-188). This is a question of relevancy heretofore within the exclusive province of the judiciary and covered by the collateral source rule excluding such evidence as irrelevant. The Court of Appeals begs off from deciding whether this statute violates the doctrine of separation of powers on "comity" grounds. Our Court, and our Court alone, has the administrative responsibility for deciding for the judiciary when a statute, if unconstitutional, should be embraced for reasons of "comity."

3) This case will be cited to our Court as precedent in future cases involving the constitutionality of other aspects of the 1988 Kentucky Tort Reform Act, issues which have already surfaced but not yet reached this Court. Our Court, not the Court of Appeals, should set the direction for cases to follow.

Given a case of such obvious importance within the judicial institution, there is no justification for denying review. Our Court is charged with the responsibility for institutional review of cases of this type and this magnitude.

How this case would be decided by our Court, important as this is, is not nearly as important as having it heard and decided by our Court. We have made a serious mistake in delegating our responsibility for deciding this matter to the Court of Appeals.

COMBS, J., joins.