**Lafonda Fay FOSTER,**
**Petitioner/Appellant,**

v.

**Rebecca M. OVERSTREET, Judge,**
**Fayette Circuit Court,**
**Respondent/Appellee,**

**Commonwealth of Kentucky,**
**Real Party in Interest.**

No. 93–SC–385–TG.

Supreme Court of Kentucky.

Aug. 24, 1995.

Russell Baldani, Lexington, Kevin McNally, McNally & Robinson, Frankfort, for petitioner/appellant.

Chris Gorman, Atty. Gen., Frankfort, for respondent/appellee.

Raymond Larson, Fayette Commonwealth's Attorney, Patrick Michael Malone, Assistant Fayette Commonwealth's Attorney, Lexington, for real party in interest.

## DENYING PETITION FOR WRIT OF MANDAMUS

STUMBO, Justice.

Petitioner, Lafonda Fay Foster was convicted on five counts of capital murder in March of 1987. Following the recommendation of the jury, the trial court sentenced the Petitioner to death. In December of 1991, this Court reversed the sentencing determination and remanded this case for retrial of the sentencing phase. *Foster v. Commonwealth,* Ky., 827 S.W.2d 670 (1991).

In December of 1992, the original trial judge recused himself from the case on the grounds that his impartiality might be reasonably questioned since he had previously sentenced the Petitioner to death. The action was then randomly assigned to the Sixth Division, Fayette Circuit Court. The Sixth Division Judge also recused himself. On December 29, 1992, this case was randomly assigned to Judge Overstreet of the Fayette Circuit Court, Third Division. Once again, Petitioner filed a motion to recuse alleging that the Court's impartiality could reasonably be questioned. This motion was overruled by the Circuit Court. Additionally, Petition-er's motion for an evidentiary hearing before a different judge, and Petitioner's request for an automatic change of judge were also overruled. The Petitioner then filed this petition for a writ of mandamus in the Court of Appeals, a request for a transfer of this petition to the Kentucky Supreme Court, and an affidavit pursuant to KRS 26A.020(1).

■ Petitioner raises three issues before this Court. First, Petitioner asserts that the writ of mandamus is the only appropriate remedy available. This Court has described the requirements which must be met to justify an appellate court in granting a writ of prohibition or mandamus. "It must be shown that the party seeking the writ has no other adequate remedy and that great and irreparable injury will result to the party seeking the writ." *Glasson v. Tucker,* Ky., 477 S.W.2d 168, 169 (1972). Granting a writ of mandamus is a rare and extraordinary measure with a difficult standard to meet.

■ In this case, Petitioner has two other possible remedies excluding the writ of mandamus. First, Petitioner has filed a motion before the Chief Justice under KRS 26A.020(1), which provides in relevant part as follows:

> If either party files with the circuit clerk his affidavit that the judge will not afford him a fair and impartial trial, or will not impartially decide an application for a change of venue, the circuit clerk shall at once certify the facts to the chief justice who shall immediately review the facts and determine whether to designate a regular or retired justice or judge of the Court of Justice as special judge. Any special judge so selected shall have all the powers and responsibilities of a regular judge of the court.

This statute is an adequate and expedient procedure to review those cases where a judge has declined to disqualify himself or herself. KRS 26A.020(1) serves as a safeguard available to defendants for a determination before trial of the existence of any alleged partiality by the trial court. Second, Petitioner has a constitutional right of appeal from an adverse sentencing decision. If Judge Overstreet is not disqualified and an

adverse sentencing decision is rendered as a result, Petitioner may still raise the issue on appeal from the final judgment.

Petitioner argues that a decision by one justice under KRS 26A.020(1) denies her constitutional right of appeal to the entire Supreme Court. In essence, she argues that the Chief Justice's determination precludes or tends to preclude any different result on appeal. The rationale for this argument is that if the Chief Justice renders an adverse pretrial decision regarding recusal, that decision would have a substantial impact on any subsequent appeal. However, we do not agree with the Petitioner's position. The Chief Justice is in no way bound by his initial decision, and a fresh determination based on the record is made on appeal to the entire Supreme Court.

This Court in *Wilson v. Commonwealth,* Ky., 836 S.W.2d 872 (1992), ruled on a very similar case. In *Wilson,* the Appellant also made a motion under KRS 26A.020(1), and the motion was denied by the Chief Justice. On appeal, the Court ruled that Wilson's showing of impartiality was still insufficient. However, there is no evidence that the prior denial of recusal by the Chief Justice precluded the Court in considering the issue on appeal. Petitioner over-reads the *Wilson* case on which she relies. Furthermore, if the Petitioner is still genuinely concerned about the Chief Justice's impartiality, and can present a basis for that concern or any demonstrable substantial impact on a subsequent appeal, a motion for recusal may be filed for the Chief Justice. Therefore, due to the availability of the KRS 26A.020(1) motion to the Chief Justice and Petitioner's constitutional right of appeal, the extraordinary measure of mandamus must be denied.

Petitioner next claims that 26A.020(1) is unconstitutional as a violation of separation of powers. Section 28 of the Kentucky Constitution provides for separation of powers among the three branches of government. It states that no branch of government "shall exercise any power properly belonging to either of the others...." Section 109 provides that judicial power shall vest in the Supreme Court, and Section 116 empowers the Supreme Court to make all rules of practice and procedure.

▆ The Court agrees with the Petitioner that KRS 26A.020(1) represents an encroachment by the legislature on the power of the judiciary to make rules. Therefore, we hold that KRS 26A.020(1) is unconstitutional. However, despite our holding that KRS 26A.020(1) is unconstitutional, this Court extends comity to the legislature and upholds the statute. "Comity is the judicial adoption of a rule unconstitutionally enacted by the legislature not as a matter of obligation but out of deference and respect." *O'Bryan v. Hedgespeth,* Ky., 892 S.W.2d 571, 577 (1995).

Perhaps the best explanation of the principle of comity is stated by this Court in *Ex Parte Auditor of Public Accounts,* Ky., 609 S.W.2d 682 (1980):

> The correct principle, as we view it, is that the legislative function cannot be so exercised as to interfere unreasonably with the functioning of the courts and that any unconstitutional intrusion is per se unreasonable, unless it be determined by the Court that it can and should be tolerated in a spirit of comity. The policy of the Supreme Court is not to contest the propriety of legislation in the gray area between the legislative prerogatives of the legislature and the rule making authority of the Courts to which it can accede through a wholesome comity.

*Id.* at 688. The Court of Appeals also provides a good explanation of the principle of comity in *Arnett v. Meade,* Ky.App., 462 S.W.2d 940 (1971):

> The general rule is that any legislation that *hampers* judicial action or *interferes* with the discharge of judicial functions is unconstitutional. However, the rule is subject to the qualification that the legislature may put *reasonable* restrictions upon constitutional functions of the courts, provided that such restrictions do not *defeat* or *materially impair* the exercise of those functions.

*Id.* at 946.

This Court has recognized the principle of comity in several similar other cases. First, this Court in *Commonwealth v. Reneer,* Ky.,

734 S.W.2d 794 (1987), declined to hold a statute unconstitutional because it violated the separation of powers doctrine. We upheld the statute under the principle of comity. Second, this Court in *Ex Parte Farley*, Ky., 570 S.W.2d 617 (1978), used similar reasoning and stated, "we respect the legislative branch and in the name of comity and common sense are glad to accept the application of its statutes pertaining to judicial matters even though it has been argued with much force that there is no constitutional basis for it." *Id.* at 624.

■ The decision whether to extend comity to a statute otherwise unconstitutional because it violates the separation of powers doctrine is one of "institutional policy reserved for the Supreme Court only." *O'Bryan v. Hedgespeth*, Ky., 892 S.W.2d 571, 577 (1995); *see also Land v. Edwards*, Ky., 858 S.W.2d 698 (1993). The test this Court is to use in determining whether to extend comity to the legislature is explained in *Drumm v. Commonwealth*, Ky., 783 S.W.2d 380 (1990) and *Gaines v. Commonwealth*, Ky., 728 S.W.2d 525 (1987). A statute must pass the test of a "statutorily acceptable" substitute for current judicially mandated procedures. We hold that KRS 26A.020(1) is a "statutorily acceptable" substitute and out of deference and respect we extend comity to the legislature. However, we reserve the right to review in the future this procedure and present refinements or alterations to it.

■ Petitioner's final argument is that a new judicial mechanism should be created for a more reliable factual development of the record. Petitioner asserts that KRS 26A.020(1) provides no mechanism for factual development. The Chief Justice does not conduct any further evidentiary proceedings. Instead, the Chief Justice relies upon the certification of facts by the circuit court clerk, as well as any affidavit or motion filed by the party seeking recusal. Finally, Petitioner alleges that a more formalized procedure with specific guidelines should be implemented for death penalty cases.

This third issue also lacks merit for several reasons. First, this Court has extended comity to the legislature, thus there is support for KRS 26A.020(1). Its informal procedure is adequate and Petitioner still has her constitutional right of appeal. Second, there has been no showing that Petitioner has been prohibited in any way from presenting evidence. Petitioner complains of an inadequate record, but has not been denied the opportunity to call any witnesses or take any depositions, except for that of Judge Overstreet. The inadequate factual record that Petitioner complains of results from an election to forego taking testimony from other witnesses and is tantamount to a strategic decision by counsel, not a flaw in the factual determination of the record.

For the reasons set forth above, we deny the petition for writ of mandamus, we hold KRS 26A.020(1) unconstitutional but extend comity to the legislature, and we hold that a new procedure for making a more formalized factual determination of the record is not warranted at this time.

All concur.