339

HOME DEPOT, U.S.A.,
INC., Appellant,

v.

SAUL SUBSIDIARY I LIMITED PART-
NERSHIP, a Maryland Limited Part-
nership, Appellee.

Nos. 2002–CA–002118–MR,
2003–CA–001148–MR.

Court of Appeals of Kentucky.

July 30, 2004.

Rehearing Denied Oct. 6, 2004.

Discretionary Review Denied by
Supreme Court April 13, 2005.

Phillip D. Scott, Michael L. Ades, Anne
A. Chesnut, Greenebaum Doll & McDonald
PLLC, Lexington, KY, for Appellant.

William M. Lear, Jr., Steven B. Loy,
Stoll, Keenon & Park, LLP, Lexington,
KY, for Appellee.

Before BUCKINGHAM, DYCHE, and
TAYLOR, Judges.

*OPINION*

DYCHE, Judge.

The parties to this appeal own adjoining
tracts of real estate upon which Lexington

Mall was developed in the 1970's. The mall prospered for several years but eventually fell upon hard times in the mid–1990's. The dispute herein centers upon the mutual covenants contained in the original agreement that the parties' predecessors in title entered into which permitted the development of the mall (the 1969 agreement), and the enforcement of those covenants. The Fayette Circuit Court, on remand from this court in an earlier appeal, adjudged that Home Depot breached those covenants and ordered the demolition of Home Depot's store on the mall property. Home Depot, as one might expect, does not want to lose a valuable, thriving retail business, and it therefore appeals. We affirm.

In order for the mall to be developed on the separately-owned, but contiguous, properties, the parties' predecessors in title entered into the 1969 agreement, a comprehensive plan setting out mutual restrictive covenants concerning the use of their respective properties. These covenants included provisions mandating the development of the properties

> as one (1) mall-type shopping center, compatibly designed and providing entrances into each other's main area. . . . The parking area shown on the plan shall be used by the owners of the property described ... as a joint parking area and the means of ingress and egress shown thereon shall be used as joint means of ingress and egress.

The 1969 agreement, however, also recognized that the properties would be "separately developed."

The present dispute began prior to Home Depot's purchase of its tract. Home Depot's intention to construct a freestanding store on a joint parking area within its tract caused Saul to object that such a use would violate the 1969 agreement and the covenants therein in several ways. Saul initiated this litigation prior to Home Depot's taking title to its tract, seeking, among other things, a permanent injunction against Home Depot's stated purpose.

Although Home Depot acknowledged that the original covenants existed, it nevertheless proceeded with its purchase of the tract, demolition of a part of the mall located on its tract, and construction of its new, freestanding store thereon. No injunction was issued, and the trial court eventually ruled in favor of Home Depot, holding that its construction did not violate the covenants. This court reversed, finding **both** parties to be bound by the original agreement, not just Saul, as the trial court originally held. This action was remanded to the trial court "for a determination of the proper remedy for violation of said restrictions." The Supreme Court of Kentucky denied discretionary review.

The original trial judge was recused on remand, and the new judge conducted extensive mediation sessions in an effort to resolve the matter. The parties came close to an agreement, but the negotiations ultimately failed, and the trial court issued an opinion holding that no evidentiary hearing was required, and that Home Depot had made a deliberate business decision to proceed with its project while the original appeal was pending, knowing the "risk involved yet making a deliberate choice to proceed." The court further found that Saul's monetary damages could not be reasonably calculated, that its discretion was extremely narrow, and that Kentucky appellate decisions compelled the enforcement of the covenants. The court issued a mandatory injunction for removal of the offending structure and replacement of the original structure, allowed one year for compliance, but granted Home Depot ninety days within which to make a proposal as to how it could

conform without demolition. No acceptable plan was presented, and final judgment was entered. This appeal followed.

■ Home Depot first argues that the trial judge should have recused herself, on its motion, after having conducted mediation sessions in an attempt to resolve this matter by settlement. Home Depot maintains that it was deprived of due process in that "the decision the Court entered was all based on information outside the record, shared in confidence, and without any evidentiary hearing ..."; that "[m]ediation predisposes the decision-maker to the result"; and that "[t]he judicial code and other authorities forbid what the judge did here."

■ KRS 26A.020(1) provides for pretrial recusal of a judge upon showing of partiality.

> This statute is an adequate and expedient procedure to review those cases where a judge has declined to disqualify himself or herself. KRS 26A.020(1) serves as a safeguard available to defendants for a determination before trial of the existence of any alleged partiality by the trial court. Second, Petitioner has a constitutional right of appeal from an adverse sentencing decision.

*Foster v. Overstreet,* Ky., 905 S.W.2d 504, 505 (1995). *See also Wilson v. Commonwealth,* Ky., 836 S.W.2d 872, 886 (1992), *overruled on other grounds by St. Clair v. Roark,* Ky., 10 S.W.3d 482, 487 (1999). Home Depot did not pursue this pre-trial remedy.

We disagree that the trial judge was compelled to recuse herself after having conducted mediation in this matter. Our Code of Judicial Conduct specifically provides for such action. Canon 3(B)(7)(d) provides, "A judge may, with the consent of the parties, confer separately with the parties and their lawyers in an effort to mediate or settle matters pending before the judge." Home Depot suggested or acquiesced in the trial court's mediation efforts. Home Depot has made no showing of bias or partiality, and we can find none. Absent such showing, the trial court's hint that it might pass this case to another judge if mediation happened to be unsuccessful is insufficient ground to require recusal. *Lovett v. Commonwealth,* Ky.App., 858 S.W.2d 205 (1993).

■ Home Depot next argues that the trial court erred in issuing the mandatory injunction rather than granting other relief to Saul. Home Depot claims that the trial court did not consider the equities of the matter before granting equitable relief to Saul, and that the decision was "clear error." We disagree. The equities in this case revolve around the uncontradicted facts that Home Depot knew of Saul's objections before it bought its tract; that Saul had initiated this action to stop Home Depot from continuing with its plans to violate the 1969 agreement before construction began on Home Depot's new building; that Saul made no actions which could be construed as waiver of its rights under the 1969 agreement; that Home Depot made a "business decision" to proceed with the construction despite these facts; and that no viable and effective alternative was proposed by Home Depot. Home Depot's injuries herein, if any, are in the nature of self-inflicted.

The trial court cited *Marshall v. Adams,* Ky., 447 S.W.2d 57 (1969), as authority for its decision:

> "If there is a negative covenant, ... the court has no discretion to exercise. If parties for valuable consideration, with their eyes open, contract that a particular thing shall not be done, all that a court of equity has to do is to say, by way of injunction, that the thing shall not be done. In such a case the injunction does nothing more than give a sanc-

tion of the process of the court to that which already is the contract between the parties. It is not, then, a question of the balance of convenience or inconvenience or of the amount of damage or injury: it is the specific performance by the court of that negative bargain which the parties have made, with their eyes open, between themselves."

447 S.W.2d at 59–60, citing *Van Sant v. Rose,* 260 Ill. 401, 103 N.E. 194, 49 L.R.A.N.S. 186 (1913).

Home Depot attempts to distinguish this case from the present, claiming that the trial court's reliance thereon is "reversible error for myriad reasons...." We disagree and find that case to be particularly apt. Home Depot's predecessor in title entered into the 1969 agreement; Home Depot acknowledged its existence, as well as the existence of the covenants; Home Depot violated those covenants. The trial court's decision was not error or an abuse of discretion.

As an aside, Home Depot has urged us to revisit the merits of the first appeal, claiming that we can, and should, "reverse [our] own decision as clear and palpable error." We decline the invitation.

Home Depot's final argument is that the trial court erred in failing to enforce the settlement between the parties. As the record indicates, and the parties acknowledged in various pleadings and exhibits in the record, there never was an actual agreement. Although the parties were apparently close to agreement, there was no culmination of the process, and therefore nothing to enforce.

The judgment of the Fayette Circuit Court is affirmed.

ALL CONCUR.