# IMPORTANT NOTICE
# NOT TO BE PUBLISHED OPINION

THIS OPINION IS DESIGNATED "NOT TO BE PUBLISHED." PURSUANT TO THE RULES OF CIVIL PROCEDURE PROMULGATED BY THE SUPREME COURT, CR 76.28(4)(C), THIS OPINION IS NOT TO BE PUBLISHED AND SHALL NOT BE CITED OR USED AS BINDING PRECEDENT IN ANY OTHER CASE IN ANY COURT OF THIS STATE; HOWEVER, UNPUBLISHED KENTUCKY APPELLATE DECISIONS, RENDERED AFTER JANUARY 1, 2003, MAY BE CITED FOR CONSIDERATION BY THE COURT IF THERE IS NO PUBLISHED OPINION THAT WOULD ADEQUATELY ADDRESS THE ISSUE BEFORE THE COURT. OPINIONS CITED FOR CONSIDERATION BY THE COURT SHALL BE SET OUT AS AN UNPUBLISHED DECISION IN THE FILED DOCUMENT AND A COPY OF THE ENTIRE DECISION SHALL BE TENDERED ALONG WITH THE DOCUMENT TO THE COURT AND ALL PARTIES TO THE ACTION.

RENDERED: SEPTEMBER 24, 2020
NOT TO BE PUBLISHED

# Supreme Court of Kentucky

2020-SC-0243-OA

JAMES MALLORY                                                                    PETITIONER

V.                                    IN THE SUPREME COURT

HONORABLE SUSAN SCHULTZ-GIBSON,                                RESPONDENT
JUDGE, JEFFERSON CIRCUIT COURT

AND

COMMONWEALTH OF KENTUCKY                         REAL PARTY IN INTEREST

**MEMORANDUM OPINION OF THE COURT**

**DENYING WRITS OF PROHIBITION AND MANDAMUS**

James Mallory was indicted by a Jefferson County Grand Jury in 2012 on charges of murder and first-degree burglary; and the Commonwealth filed a notice of aggravating circumstances, allowing for enhanced penalties if convicted, including the death penalty. He has remained in the custody of the jail operated by Louisville Metro Department of Corrections as he awaits trial on these charges. He has applied to this Court for writs disqualifying the Jefferson County Commonwealth's Attorney from prosecuting him and Judge Susan Schultz-Gibson from presiding in his case. For the reasons explained below, we decline to issue the requested writs.

1

## I. FACTS AND PROCEDURAL BACKGROUND

Several attorneys have represented Mallory during the pendency of the indictment. His current counsel were appointed in November 2018. Two months after appointment, current counsel learned that jail calls made by Mallory to them and to the defense investigator had been inadvertently recorded by the jail because current counsel failed to register with the third-party contractor providing a private-line telephone service for confidential attorney-client communications.

As early as November 2017, an intern at the Jefferson County Commonwealth's Attorney's Office was assigned to listen to the recorded calls Mallory had made while incarcerated. That office was unaware at the time that the recordings in their possession contained some potentially privileged communications. It was not until the intern had listened to most of the calls that the office became aware of the recorded communications between Mallory and his counsel and investigator. Once aware of the privileged calls, the assigned prosecutor alerted defense counsel and screened the intern from the case and the attorney associated with the case.

Contending that the Commonwealth's possession of recordings of privileged communications violated his Sixth Amendment right to counsel and constituted gross prosecutorial misconduct, Mallory moved the trial court to dismiss the indictment or to disqualify the Commonwealth's Attorney's Office and to exclude the death penalty as a sentencing option. The trial court conducted a hearing on the motion followed by an in-camera review of the

recordings and notes taken by the intern. The trial court issued findings of fact, conclusions of law, and an order denying the requested relief.

The trial court found that the jail's phone system automatically inserted two prerecorded warnings in each call. The first warning heard by the caller states:

> This is not a protected or privileged phone call. This call is subject to recording and monitoring. You may hear silence during the acceptance of your call. Please continue to hold.

After the call goes through and the recipient picks up, both parties hear the following message:

> Hello. This is a prepaid collect call from (inmate says his/her name), an inmate at Louisville Metro Hall of Justice. This call is subject to recording and monitoring and your location information may be collected and used by law enforcement personnel. To accept charges, press "1." To refuse charges, press "2."

The trial court found these warnings audible on all recordings reviewed in camera.

The trial court found that the intern accessed three recorded conversations between Mallory and counsel on November 24, 28, and 30, 2018. The trial court reviewed in camera the content of those calls and any intern notes. The trial court also reviewed in camera multiple calls between Mallory and the investigator over the time span of June 11, 2018, to January 6, 2019.

The trial court ruled that because Mallory was twice notified at the outset that each of the calls was recorded and subject to monitoring he waived any claims that the communications were privileged. Further, the trial court concluded that no prejudice resulted, even if the privilege was not waived. The trial court further found the Commonwealth's Attorney's Office had taken no

affirmative action to interfere with the attorney-client relationship, so disqualification of the office was unnecessary.

Mallory argues a writ disqualifying the Commonwealth's Attorney is necessary to prevent irreparable harm because these intercepted privileged communications reveal trial strategy resulting in actual prejudice. The Commonwealth's Attorney responds that Mallory waived his privilege, no actual prejudice has resulted, and that a writ is not the appropriate remedy. Mallory further requests a writ disqualifying Judge Gibson because the information she learned during the in-camera review of the recordings and the intern's notes precludes her from presiding over his trial with impartially.

## II. ANALYSIS

### A. Writ to Disqualify Commonwealth's Attorney is Declined.

#### 1. A review of Mallory's claim of error is necessary in the interests of judicial administration.

Writs of prohibition are extraordinary in nature and should only be issued when "absolutely necessary."[1]

> A writ of prohibition may be granted upon a showing that (1) the lower court is proceeding or is about to proceed outside of its jurisdiction and there is no remedy through an application to an intermediate court; or (2) that the lower court is acting or is about to act erroneously, although within its jurisdiction, and there exists no adequate remedy by appeal or otherwise and great injustice and irreparable injury will result if the petition is not granted.[2]

---

[1] *Cox v. Braden*, 266 S.W.3d 792, 795 (Ky. 2008).

[2] *Hoskins v. Maricle*, 150 S.W.3d 1, 10 (Ky. 2004).

4

Further, a writ of prohibition may be necessary in exceptional circumstances to prevent irreparable harm to the administration of justice.[3]

Mallory acknowledges that the trial court acted within its jurisdiction but argues that it did so erroneously. A writ of prohibition will only be an appropriate remedy if there is no "otherwise adequate remedy" to correct irreparable harm, or such exceptional circumstances exist to justify the remedy in the interest of administering justice. A trial court's failure to disqualify the prosecuting attorney may be reviewed for an abuse of discretion on direct appeal after the trial.[4] Because Mallory has other adequate remedies available, a writ of prohibition would ordinarily be denied.[5]

In certain rare circumstances, although an "otherwise adequate remedy" exists, a writ of prohibition may be issued to prevent extraordinary harm to the administration of justice.[6] For example, in *Hoskins v. Maricle*, the trial court's potential error in rejecting Hoskins's plea agreements could be remedied by

---

[3] *Id.* at 20.

[4] *Ward v. Commonwealth*, 587 S.W.3d 312, 319 (Ky. 2019).

[5] The Court notes the distinguishing facts in this case that make an original action in this court appropriate. Under Ky. Const. 110 (2)(a) "The Supreme Court shall have appellate jurisdiction only, except it shall have the power to issue all writs necessary in aid of its appellate jurisdiction, or the complete determination of any cause, or as may be required to exercise control of the Court of Justice." Additionally, under Ky. Const. 110 (2)(b) "Appeals from a judgment of the Circuit Court imposing a sentence of death or life imprisonment or imprisonment for twenty years or more shall be taken directly to the Supreme Court. In all other cases, criminal and civil, the Supreme Court shall exercise appellate jurisdiction as provided by its rules." Mallory is potentially facing the death penalty. If he is convicted, and appeals, this Court would review any error in the trial court's decision to deny his motion. Therefore, the circumstances of this case are unique and should be considered in deciding to review for potential error. *See Hoskins*, 150 S.W.3d at 18–20.

[6] *Id.* at 19–20.

5

appeal, but the *Hoskins* court proceeded to review the merits of Hoskins's claims of error because if there was error in the trial court's ruling, Hoskins would be unnecessarily subjected to a second trial for double murder with possible sentences of death and a lengthy appeal.[7]  The Court concluded that "such would constitute a miscarriage of justice and disrupt the orderly administration of justice."[8]

We will consider Mallory's claim of error because his circumstances are like those in *Hoskins*:  Mallory faces potential capital punishment, the case has been ongoing for eight years, and if the trial court erred in failing to disqualify the Commonwealth's Attorney, a second trial and subsequent appeal would likely occur.

### 2. The trial court did not err in denying Mallory's motion to disqualify the Commonwealth's Attorney's Office.

We find that the trial court did not abuse its discretion in denying Mallory's disqualification motion.  The trial court may disqualify any prosecuting attorney "upon a showing of actual prejudice."[9]  And on appeal, the lower court's decision is reviewed for abuse of discretion and will be upheld unless arbitrary, unreasonable, unfair, or unsupported by sound legal principles.[10]

The current circumstances are like those in *Ward v. Commonwealth* where we found no per se rule of prejudice to a defendant in a case in which

---

[7] *Id.* at 20.

[8] *Id.*

[9] *Ward*, 587 S.W.3d at 318–19.

[10] *Id.* at 319.

6

staff in the Commonwealth's Attorney's Office reviewed recordings of privileged attorney-client phone calls made by the defendant from the jail.[11] The defendant must show actual prejudice resulting from an affirmative action by the prosecutor to obtain the information or the dissemination of trial strategy.[12] Significantly, inadvertent disclosures of attorney-client conversations that do not reveal trial strategy result in no actual prejudice to the defendant.[13] Therefore, the Court upheld the trial court's decision to deny the defendant's motion to disqualify the Commonwealth's Attorney's Office.[14]

Additionally, when remedial actions are taken after the disclosures are made, the risk of actual prejudice to the defendant is diminished. In *Ward*, even though the rest of the office was not disqualified, the court recommended that the attorney who actually heard a portion of the privileged calls should have recused himself from the case.[15] And *Calhoun v. Commonwealth* held that when the conflicted party is timely and properly screened from the case, it was not an abuse of discretion to allow the rest of the office to continue prosecuting the case.[16] As such, it was not an abuse of discretion for the trial court to deny disqualification of the entire Commonwealth's Attorney's Office.

Here, the trial court conducted an in camera review of the potentially privileged phone calls and the notes taken from the phone calls. The trial court

---

[11] *Id.* at 325.

[12] *Id.*

[13] *Id.*

[14] *Id.*

[15] *Id.* at 326.

[16] 492 S.W.3d 132, 138 (Ky. 2016).

found that the only relevant information the calls revealed was that the defense was working with an investigator. And after the prosecuting attorney became aware that these potentially privileged communications had been overheard, the intern who had listened to the phone calls was screened from everyone else in the office working on the case.

The trial court further found the defendant had waived his attorney-client privilege for the phone calls to defense counsel and the investigator. The court ruled that because the Defendant had received two automated voice notifications that the calls were being monitored and recorded before the conversation began, the communications were not confidential. Kentucky Rule of Evidence (KRE) 503 states that the attorney-client privilege applies to confidential communications made to facilitate legal services between the client and the lawyer, or representative of the lawyer. Importantly, the privilege only applies to "confidential communications," and the burden is on the privilege-claiming party to show the communication is protected.[17] The defendant did not present any evidence to rebut the effectiveness of the dual warnings preceding each phone call to the effect that the calls were monitored and recorded. The trial court's determination that the claim of privilege had been waived was not an abuse of discretion.

Additionally, the trial court found—in addition to her finding of waiver—no prejudice resulted from the Commonwealth's Attorney's Office hearing

---

[17] *Tabor v. Commonwealth,* 625 S.W.2d 571, 572 (1981) ("Four fundamental conditions are recognized as necessary to the establishment of a privilege against the disclosure of communications [including that] the communications must originate in a confidence that they will not be disclosed . . . . ") (citing *St. Luke Hospital., Inc. v. Kopowski,* 160 S.W.3d 771, 775 (Ky. 2005)).

Mallory's conversations with Defense counsel because no trial strategy had been revealed. As discussed in *Ward,* prejudice may arise when the government improperly obtains information concerning trial strategy because it results in a violation of the defendant's Sixth Amendment right to counsel.[18] But for such a violation to occur, the prosecutor must take some affirmative action to interfere with the attorney-client relationship.[19]

In the current matter, the information was obtained inadvertently through defense counsel's failure to register for the secure line. Importantly, the trial court found no evidence that trial strategy was revealed. While the Commonwealth's knowledge that the defense has hired an investigator reveals trial preparation, that knowledge did not provide any insight into trial strategy. The trial court found that the phone calls contained no discussion of witnesses, defense strategy, testimony, or anything that could be used to the detriment of the defendant at trial. Additionally, the intern who listened to the phone calls was screened from the case after it was realized the communications were privileged. This further diminished the risk that privileged information would continue to be disseminated and that prejudice would result.[20] So, like in *Ward,* it was not an abuse of discretion for the trial court to deny the motion to disqualify the Commonwealth Attorney's Office as no actual prejudice has been shown.

---

[18] *Ward*, 587 S.W.3d at 325.

[19] *Id*. at 323.

[20] *Calhoun,* 492 S.W.3d at 138.

**B. Writ to Disqualify the Trial Judge is Declined.**

Mallory requests a writ to disqualify Judge Gibson because she reviewed the potentially privileged phone calls and notes in question. We decline to issue this writ.

Recusal motions may be made under KRS 26A.020.[21] A defendant may file, either one or both, a motion with the trial judge or an affidavit with the circuit clerk for the Chief Justice to review and determine if disqualification of the regular judge is necessary. Mallory has followed neither process, so an otherwise adequate remedy exists in the law.

### III. CONCLUSION

For these reasons, Mallory's application for writs disqualifying the Jefferson County Commonwealth's Attorney from prosecuting him and Judge Susan Schultz-Gibson from presiding over his case is denied.

All sitting. All concur.

COUNSEL FOR PETITIONER:

Eric G. Eckes
Pinales Stachler Young & Burre Co., LPA

Gregory Edward James Coulson
Coulson Law Offices, PLLC

Honorable Susan Schultz-Gibson, Judge
Jefferson County Circuit Court

---

[21] Our Supreme Court has held KRS 26A.020 to be an unconstitutional "encroachment by the legislature on the power of the judiciary to make rules." *Foster v. Overstreet*, 905 S.W.2d 504, 506 (Ky. 1995). But because it is a "'statutorily acceptable' substitute for current judicially mandated procedures[,]" the Court "out of deference and respect" extended comity to the legislature. *Id.* at 507.

10

COUNSEL FOR REAL PARTY IN INTEREST, COMMONWEALTH OF KENTUCKY:

Daniel Jay Cameron
Attorney General of Kentucky

Madison Ann Shoffner
Assistant Attorney General

Jeanne Deborah Anderson
Special Assistant Attorney General