**Mark MARSHALL, Appellant,**

v.

**COMMONWEALTH of Kentucky, Appellee.**

Supreme Court of Kentucky.

Nov. 3, 1981.

Rehearing Denied Jan. 12, 1982.

Frank W. Heft, Jr., Public Defender, Daniel T. Goyette, Deputy Public Defender, Louisville, for appellant.

Steven L. Beshear, Atty. Gen., Michael R. Beiting, Asst. Atty. Gen., Frankfort, for appellee.

## OPINION OF THE COURT

Mark Marshall appeals from a judgment convicting him of first-degree robbery (10 years), possession of a handgun by a convicted felon (3 years), possession of a controlled substance (1 year), first-degree wanton endangerment (3 years), and being a first-degree persistent felony offender (20 years). See respectively KRS 515.020, 527.-040, 218A.140, 508.060, and 532.080.

The facts of the case are set forth in *Hayes v. Commonwealth*, Ky., 625 S.W.2d 575, decided today.

Marshall's first contention is that his conviction for first-degree robbery and first-degree wanton endangerment violate the constitutional and statutory prohibitions against double jeopardy, viz., a robbery committed with the use of a pistol and first-degree wanton endangerment emanating from pointing the pistol at a person during the course of the robbery. We agree, as the evidence showed that the pistol was used by Marshall to threaten or coerce the employees and customers in the pharmacy to move to the rear and was being flourished while taking the money and narcotics. This was all one act or transaction—the perpetration of a robbery. The act of pointing a gun at certain persons

prior to the seizure of loot which gave rise to the wanton endangerment charge was in reality a part of the elements of the robbery act. It was an included offense within the purview of KRS 505.020. The two acts merged, and under the rationale of *Sherley v. Commonwealth*, Ky., 558 S.W.2d 615 (1977), followed in *Whorton v. Commonwealth*, Ky., 570 S.W.2d 627 (1978), the first-degree wanton endangerment charge must be dismissed.

■ Marshall's next point is that he should not have been convicted of illegally possessing a controlled substance taken in the course of the robbery for which he was convicted. The same point was made in *Hayes*, supra, and was decided to the contrary.

■ A further claim of error is that the evidence was insufficient to sustain appellant's conviction for being a first-degree persistent felony offender. He maintains that the prosecution failed to prove that the judgment in a prior conviction had been signed by a judge and failed to prove the date of a subsequent Indiana conviction. The record does not indicate that any objection was made either to the evidence offered by the prosecution or to the instruction given by the court. Consequently, this belated challenge to the sufficiency of the evidence in these respects cannot be entertained. *McHenry v. Commonwealth*, Ky. App., 490 S.W.2d 766 (1972).

■ Appellant also contends that the trial court abused its discretion by permitting the prosecution to reopen and introduce evidence in chief after both sides had closed. The prosecution, after having obtained leave to reopen, asked the court to take judicial notice that the prior convictions were felonies and informed the court of the availability of the Indiana law concerning auto banditry should the court desire to examine it. Under RCr 9.42(e), the court may "for good reason in the furtherance of justice" permit parties to offer evidence in chief after evidence has been offered by both the prosecution and the defense. We do not feel that the court abused its broad

discretionary power here by permitting the introduction of this evidence in this bifurcated persistent felony stage of the proceedings.

The judgment is affirmed in part and reversed in part with directions that the appellant's conviction of wanton endangerment be set aside and the charge dismissed.

All concur.