**Danny Ray HAYES, Appellant,**

v.

**COMMONWEALTH of Kentucky,
Appellee.**

Supreme Court of Kentucky.

Nov. 3, 1981.

Rehearing Denied Jan. 12, 1982.

Frank W. Heft, Jr., Chief Appellate Defender, Daniel T. Goyette, Deputy Public Defender, Louisville, for appellant.

Steven L. Beshear, Atty. Gen., Michael R. Beiting, Asst. Atty. Gen., Frankfort, for appellee.

## OPINION OF THE COURT

Danny Ray Hayes appeals from a judgment convicting him of first-degree robbery (10 years), possession of a handgun by a convicted felon (3 years), possession of a controlled substance (1 year) and being ·a first-degree persistent felony offender (20 years). See respectively KRS 515.020, 527.-040, 218A.140, and 532.080. He does not challenge the robbery conviction.

Some time between 7:00 and 7:30 p. m. on November 8, 1978, two masked men, one of whom was armed with a pistol, entered Wagner's Pharmacy in Louisville, Kentucky. The two announced a holdup, flourished the pistol, herded the employees and

customers to the rear of the store, and proceeded to the pharmacy section, where they took money and narcotics. As they returned toward the entrance, the delivery boy entered, and they commanded him to lie down on the floor. Thinking the robbery was a joke, the boy at first refused, but complied when the armed member of the two robbers pointed the gun at his head and snapped the trigger. The robbers then rushed out the front door, removed their masks and ran almost into the arms of policemen who had been alerted while the robbery was in progress. The police gave chase. Danny Ray Hayes was shot in one of his legs and fell wounded to the sidewalk. His cohort, Mark Marshall, the armed member of the two and perhaps the faster on foot was flushed from beneath a parked car where he had sought refuge. Marshall's red toboggan, a cloth bag containing the narcotics, a bank bag and a .25-caliber automatic pistol also were found underneath the automobile. The pistol-bearer during the robbery had worn a red toboggan and his masked accomplice a blue one. A blue toboggan and the money taken from the pharmacy cash register were found near the felled Danny Ray Hayes.

The appellant brings four assignments of error. He questions the conviction for possession of the narcotics that had been taken from the pharmacy during the course of the robbery, citing *Sherley v. Commonwealth*, Ky., 558 S.W.2d 615 (1977), in support of his theory that his possession of the stolen substances merged with or was included in the robbery offense. We cannot accede to this proposition. With exceptions not here pertinent, KRS 218A.140 (2) makes the possession of a controlled substance illegal regardless of the manner in which the culprit came into that possession. It cannot sensibly be regarded as a legal possession because the possessor accomplished it through theft. It is an entirely separate crime from theft. See the similar result reached with respect to the possession of stolen property in *Sutton v. Commonwealth*, Ky., 623 S.W.2d 879 (1981), and *Sebastian v. Commonwealth*, Ky., 623 S.W.2d 880 (1981).

Hayes charges error in permitting the prosecution to reopen its case, over objection by defense counsel, at the close of all evidence for the purpose of establishing that appellant's prior convictions were for felony offenses. RCr 9.42 (e) allows the trial court broad discretion with respect to the order of its proceedings. In this instance the court permitted the prosecution to reopen after the close of all the evidence in a bifurcated persistent-felony proceeding. We find no abuse of discretion. The trial court was acting entirely within its discretionary power.

Hayes challenges his conviction for possession of a handgun by a convicted felon. This question has not been preserved for appellate review and cannot be heard for the first time on appeal. *Rudolph v. Commonwealth*, Ky., 564 S.W.2d 1 (1978).

Appellant's fourth and final assignment of error is that he was denied a fair trial consonant with due process when the court allowed, over objection, a parole officer to testify from information received in the discharge of his official duties viz., appellant's birth date and his release date, from the correction institution on a prior conviction. He contends that permitting a parole officer to testify from records violates KRS 439.510 and cannot be allowed by the trial court. We cannot agree with this proposition, particularly when the testimony given from the records regarded facts which were not obtained from a parolee in the form of privileged communications. See *Tabor v. Commonwealth*, Ky., 625 S.W.2d 571 (1981).

The judgment is affirmed.

All concur.