ROGERS, Circuit Judge.
Leonard Groves Jr. appeals the district court’s denial of his petition for a writ of habeas corpus. Groves argues that his state convictions for first-degree robbery and first-degree wanton endangerment violate his constitutional right not to be subjected to double jeopardy. There is no double jeopardy violation in Groves’s con *508 victions, however, because each of the two statutes under which Groves was convicted requires proof of an element that the other does not.
After admitting that he robbed a Wendy’s restaurant, Groves pled guilty in state court to one count of first-degree robbery, in violation of KRS 515.020, and five counts of first-degree wanton endangerment, in violation of KRS 508.060. Groves later asked the trial court to set aside his guilty plea, arguing, among other things, that convictions for first-degree robbery and first-degree wanton endangerment would violate the Double Jeopardy Clause. The trial court rejected Groves’s request and sentenced him to twenty years’ imprisonment on the robbery charge and five years’ imprisonment on each of the wanton endangerment charges. The trial court ordered that the sentences be served concurrently for a total of twenty years’ imprisonment.
Groves appealed and argued that his convictions constituted double jeopardy. The Kentucky Court of Appeals, however, held that Groves waived his double jeopardy claim by voluntarily pleading guilty. Groves v. Commonwealth, 2007 WL 2343767, *4 (Ky.Ct.App.2007). Ultimately, the court affirmed Groves’s convictions and sentence. Id.
Groves then filed a petition for a writ of habeas corpus in federal district court. Groves raised his double jeopardy argument but the district court held that the claim lacked merit. While the district court did not address the waiver issue, it held that, under the test of Blockburger v. United States, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932), there is no double jeopardy violation in Groves’s convictions for both first-degree robbery and first-degree wanton endangerment because each statute requires proof of a fact that the other does not. In reaching this conclusion, the district court was persuaded by a recent Kentucky Court of Appeals case which analyzed the two statutes in question and held that they proscribed different offenses. Accordingly, the district court denied Groves’s habeas petition.
Groves now appeals and claims once more that his convictions constitute double jeopardy. Groves argues that the first-degree wanton endangerment charges were based on the “same conduct” that gave rise to the first-degree robbery charge — pointing a gun at Wendy’s employees — and thus, the wanton endangerment charges should have merged into the robbery charge.
Before turning to the merits of the double jeopardy claim, we must first address whether this case is appropriate for appellate review. Under the “concurrent sentencing doctrine,” “an appellate court may decline to hear a substantive challenge to a conviction when the sentence on the challenged conviction is being served concurrently with an equal or longer sentence on a valid conviction.” Dale v. Hae-berlin, 878 F.2d 930, 935 n. 3 (6th Cir.1989); see United States v. Ware, 282 F.3d 902, 906 (6th Cir.2002). In the instant case, Groves was sentenced to concurrent terms of imprisonment for six felonies. Thus, even if we were to find that the convictions for wanton endangerment were unconstitutional, he would still be required to serve the same twenty years in prison.
The concurrent sentencing doctrine is a discretionary one, and courts “are admittedly hesitant to apply [it].” Dale, 878 F.2d at 935 n. 3. Here, neither party asks us to apply the doctrine. Accordingly, we decline to apply the doctrine and will address the double jeopardy claim.
As an initial matter, the Government argues that Groves waived his double jeopardy claim by voluntarily pleading *509 guilty to the first-degree robbery and first-degree wanton endangerment charges. This court need not resolve this issue, however, because even assuming, without deciding, that Groves did not waive his double jeopardy claim, Groves’s appeal fails on the merits.
There is no double jeopardy violation in Groves’s convictions for both first-degree robbery and first-degree wanton endangerment. Under the test set forth in Blockburger, two statutes proscribe different offenses if each provision requires proof of a fact that the other does not. Blockburger, 284 U.S. at 304, 52 S.Ct. 180. Applying this test, the two statutes under which Groves was charged clearly proscribe different offenses. Compare KRS 515.020 with KRS 508.060. First-degree robbery requires proof of theft and first-degree wanton endangerment does not. First-degree wanton endangerment requires a manifestation of extreme indifference to the value of human life and first-degree robbery does not. In other words, a person can commit either of these offenses without committing the other. A person can commit first-degree wanton endangerment without committing first-degree robbery; an example would be a defendant who shoots a gun into an occupied building. And a person can commit first-degree robbery without committing first-degree wanton endangerment; an example would be a defendant who uses an inoperable pistol to rob a college student of his iPod. Accordingly, it is clear that, under Blockburger, first-degree robbery and first-degree wanton endangerment are separate offenses. Therefore, there is no double jeopardy violation in this case.
Recent Kentucky case law supports this holding. As the Kentucky Supreme Court stated succinctly in a 2005 unpublished opinion:
KRS 515.020 (first-degree robbery) and KRS 508.060 (first-degree wanton endangerment) each require proof of an additional statutory fact that the other does not. For instance, first-degree robbery requires proof of theft and first-degree wanton endangerment does not- First-degree wanton endangerment requires action that manifests an extreme indifference to human life and the robbery statute does not. Because each offense requires proof that the other does not, there is no double jeopardy violation.
Crisp v. Commonwealth, 2005 WL 629005, *2 (Ky.2005). Similarly, in 2008, the Kentucky Court of Appeals conducted a Block-burger analysis of the first-degree robbery and first-degree wanton endangerment statutes and found that these are two distinct crimes. Grider v. Commonwealth, 2008 WL 299023, *2 (Ky.Ct.App.2008). These cases provide compelling support for what is in any event a plain reading of the elements of the two Kentucky criminal statutes. Whether there is a federal double jeopardy violation where each statute contains an element not required in the other is a federal issue, however. In other words, Kentucky law determines the elements of the crimes; federal law determines whether there is a double jeopardy violation when neither crime is a lesser included offense of the other.
Groves maintains that the first-degree wanton endangerment charges were based on the “same conduct” that gave rise to the first-degree robbery charge — pointing a gun at Wendy’s employees — and, therefore, the wanton endangerment charges should have merged into the robbery charge. Groves cites the Kentucky Supreme Court cases of Marshall v. Commonwealth, 625 S.W.2d 581 (Ky.1981), and Gilbert v. Commonwealth, 637 S.W.2d 632 (Ky.1982), to support his argument. These cases, however, were decided well *510 before the 1993 United States Supreme Court decision squarely rejecting the “same-conduct” test for double jeopardy and limiting the federal double jeopardy analysis solely to the question of whether each crime contained an element not contained in the other. United States v. Dixon, 509 U.S. 688, 703-12, 113 S.Ct. 2849, 125 L.Ed.2d 556 (1993). In light of Dixon, it is immaterial whether the victims of Groves’s wanton endangerment crimes were Wendy’s employees and, thus, the charges “all emanated from the same conduct,” as Groves claims.[1] What matters is whether, under Blockburger, first-degree robbery and first-degree wanton endangerment are separate offenses. Since they clearly are, Groves’s double jeopardy claim is unavailing.
Finally, Groves suggests that there is a double jeopardy violation because “the Kentucky legislature did not intend an act of using a weapon while committing a robbery to result also in a wanton endangerment conviction.” Groves cites Missouri v. Hunter, 459 U.S. 359, 103 S.Ct. 673, 74 L.Ed.2d 535 (1983), and its progeny, to support his argument. Groves clearly misinterprets Hunter. There, the Supreme Court held that even if two crimes constitute a single offense under Blockburger, a defendant may still be convicted of and punished for both crimes in a single trial if the legislature intended for multiple punishments to apply. Hunter, 459 U.S. at 368-69, 103 S.Ct. 673. It does not logically follow from this that if two crimes are separate offenses under Blockburger, a defendant may not be convicted of both crimes if the legislature did not intend for multiple punishments to apply. Indeed, Groves cites no legal authority requiring such a reading of Hunter. Accordingly, Groves’s reliance on Hunter is misplaced and his double jeopardy claim is without merit.
A state may of course provide that a defendant may not be punished for one state crime if the defendant has also been convicted of another particular crime, even though the crimes are different under the Blockburger test. But such a legal prohibition would be a matter of state law. Under Dixon, the federal double jeopardy prohibition applies only where each of the required elements of one of the crimes is required for the other. Because that is clearly not the situation in this case, there is no federal jeopardy violation, even if Kentucky law were interpreted to prohibit prosecution under both statutes.
Judge White would affirm for different reasons. The judgment of the district court is accordingly affirmed.

. It is likewise unnecessary to allow Groves to supplement the record to prove these points.