SILER, Circuit Judge,
concurring and dissenting in part.
I concur in the majority opinion to the extent that it affirms the denial of the writ of habeas corpus by the district court on Counts 1-4, 6. I dissent, however, on the denial of the writ on Count 5 for the reasons stated herein. As the majority observes, in Marshall v. Commonwealth, 625 S.W.2d 581 (Ky.1981), the Supreme Court of Kentucky held that a defendant’s conviction for first-degree wanton endangerment during a robbery constituted double jeopardy when the defendant was also convicted of first-degree robbery. Id. at 582-83. Of course, we must decide whether this is still the law after United States v. Dixon, 509 U.S. 688, 703-12, 113 S.Ct. 2849, 125 L.Ed.2d 556 (1993). The test now for double jeopardy is not whether both charges involve the same conduct, but whether each crime requires proof of a fact the other does not. As the majority *511 observes, after Dixon, Kentucky courts have held that charges for first-degree wanton endangerment and first-degree robbery pass the test under Blockburger v. United States, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932). See Crisp v. Commonwealth, No. 2004-SC-0058-MR, 2005 WL 629005, at *2 (Ky. Mar. 17, 2005), Grider v. Commonwealth, No. 2006-CA-001999-MR, 2008 WL 299023, at *2 (Ky. Ct.App. Feb. 1, 2008).
While it is clear that first-degree robbery requires proof of an element that first-degree wanton endangerment does not (ie., theft), it is less clear whether the reverse is true. In other words, it is unclear whether “us[ing] or threaten[ing] the ... use of physical force upon another person” while being “armed with a deadly weapon” (an element of first-degree robbery) constitutes “manifesting extreme indifference to the value of human life” and “wantonly engag[ing] in conduct which creates a substantial danger of death or serious physical injury to another person” (elements of first-degree wanton endangerment). See K.R.S. §§ 508.060, 515.020(l)-(l)(b). Both the Crisp and Gri-der opinions gave only a cursory analysis on this issue. Both cases, however, based their decisions on the fact that the acts giving rise to the wanton endangerment charge involved either different victims or different time periods than the robbery charge.
The problem here, obviously, is that Groves pled guilty to the charges and now raises his double jeopardy claim. The government asserts that under United States v. Broce, 488 U.S. 563, 574, 109 S.Ct. 757, 102 L.Ed.2d 927 (1989), the petitioner cannot collaterally attack his conviction. The Supreme Court held that the defendants in Broce could not “prove their claim by relying on those indictments and the existing record,” so their double jeopardy claim was foreclosed. Id. at 576, 109 S.Ct. 757. Therefore, in light of Broce, the inquiry becomes whether, based on the face of the indictment and the state court record, the wanton endangerment claims merge with the first-degree robbery claim. Groves asserts that the five individual victims in Counts 2-6 were the same Wendy’s employees referred to in Count 1 and thus, double jeopardy applies. However, the record is unclear whether the named victims were Wendy’s staff or customers or whether the actions related in Counts 2-6 occurred during, after, or before the robbery. Nevertheless, there is an affidavit from the state court record signed by Evon Gould, the apparent victim in Count 5. This affidavit was created in 2005, less than one month before Groves pled guilty, and it states that Evon was one of Wendy’s employees working on the date when the store was robbed.
It is unclear from the face of the indictment and the state court record whether the indictment charges two separate crimes arising out of separate events. We have interpreted Broce broadly to mean that a guilty plea does not waive double jeopardy challenges where “‘the [double jeopardy] issues appear on the face of the indictment and can be resolved without an additional evidentiary hearing.’” United States v. Ehle, 640 F.3d 689, 694 (6th Cir.2011) (quoting United States v. Ragland, 3 Fed.Appx. 279, 284 n. 3 (6th Cir.2001)). Because the record shows that Gould was the victim in Count 1 and was an employee at the time the store was robbed, I would remand the case to the district court with directions to grant the writ with respect to Count 5 only, and to deny the writ with respect to all the other remaining counts in the state indictment.