NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 13a0298n.06

No. 10-5461

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED
*Mar 25, 2013*
DEBORAH S. HUNT, Clerk

LEONARD GROVES, JR.,                  )
                                            )
    Petitioner-Appellant,           )     ON APPEAL FROM THE
                                              )     UNITED STATES DISTRICT
            v.                         )     COURT FOR THE WESTERN
                                            )     DISTRICT OF KENTUCKY
JOSEPH MEKO, Warden,             )
                                            )     AMENDED
    Respondent-Appellee.          )
_____ )

BEFORE: SILER, ROGERS, and WHITE, Circuit Judges.

ROGERS, Circuit Judge. Leonard Groves Jr. appeals the district court's denial of his petition

for a writ of habeas corpus. Groves argues that his state convictions for first-degree robbery and

first-degree wanton endangerment violate his constitutional right not to be subjected to double

jeopardy. There is no double jeopardy violation in Groves's convictions, however, because each of

the two statutes under which Groves was convicted requires proof of an element that the other does

not.

After admitting that he robbed a Wendy's restaurant, Groves pled guilty in state court to one

count of first-degree robbery, in violation of KRS 515.020, and five counts of first-degree wanton

endangerment, in violation of KRS 508.060. Groves later asked the trial court to set aside his guilty

plea, arguing, among other things, that convictions for first-degree robbery and first-degree wanton

endangerment would violate the Double Jeopardy Clause. The trial court rejected Groves's request

and sentenced him to twenty years' imprisonment on the robbery charge and five years' imprisonment on each of the wanton endangerment charges. The trial court ordered that the sentences be served concurrently for a total of twenty years' imprisonment.

Groves appealed and argued that his convictions constituted double jeopardy. The Kentucky Court of Appeals, however, held that Groves waived his double jeopardy claim by voluntarily pleading guilty. *Groves v. Commonwealth*, 2007 WL 2343767, *4 (Ky. Ct. App. 2007). Ultimately, the court affirmed Groves's convictions and sentence. *Id*.

Groves then filed a petition for a writ of habeas corpus in federal district court. Groves raised his double jeopardy argument but the district court held that the claim lacked merit. While the district court did not address the waiver issue, it held that, under the test of *Blockburger v. United States*, 284 U.S. 299 (1932), there is no double jeopardy violation in Groves's convictions for both first-degree robbery and first-degree wanton endangerment because each statute requires proof of a fact that the other does not. In reaching this conclusion, the district court was persuaded by a recent Kentucky Court of Appeals case which analyzed the two statutes in question and held that they proscribed different offenses. Accordingly, the district court denied Groves's habeas petition.

Groves now appeals and claims once more that his convictions constitute double jeopardy. Groves argues that the first-degree wanton endangerment charges were based on the "same conduct" that gave rise to the first-degree robbery charge—pointing a gun at Wendy's employees—and thus, the wanton endangerment charges should have merged into the robbery charge.

Before turning to the merits of the double jeopardy claim, we must first address whether this case is appropriate for appellate review. Under the "concurrent sentencing doctrine," "an appellate court may decline to hear a substantive challenge to a conviction when the sentence on the challenged conviction is being served concurrently with an equal or longer sentence on a valid conviction." *Dale v. Haeberlin*, 878 F.2d 930, 935 n.3 (6th Cir. 1989); *see United States v. Ware*, 282 F.3d 902, 906 (6th Cir. 2002). In the instant case, Groves was sentenced to concurrent terms of imprisonment for six felonies. Thus, even if we were to find that the convictions for wanton endangerment were unconstitutional, he would still be required to serve the same twenty years in prison.

The concurrent sentencing doctrine is a discretionary one, and courts "are admittedly hesitant to apply [it]." *Dale*, 878 F.2d at 935 n.3. Here, neither party asks us to apply the doctrine. Accordingly, we decline to apply the doctrine and will address the double jeopardy claim.

As an initial matter, the Government argues that Groves waived his double jeopardy claim by voluntarily pleading guilty to the first-degree robbery and first-degree wanton endangerment charges. This court need not resolve this issue, however, because even assuming, without deciding, that Groves did not waive his double jeopardy claim, Groves's appeal fails on the merits.

There is no double jeopardy violation in Groves's convictions for both first-degree robbery and first-degree wanton endangerment. Under the test set forth in *Blockburger*, two statutes proscribe different offenses if each provision requires proof of a fact that the other does not. *Blockburger*, 284 U.S. at 304. Applying this test, the two statutes under which Groves was charged

clearly proscribe different offenses. *Compare* KRS 515.020 *with* KRS 508.060. First-degree robbery requires proof of theft and first-degree wanton endangerment does not. First-degree wanton endangerment requires a manifestation of extreme indifference to the value of human life and first-degree robbery does not. In other words, a person can commit either of these offenses without committing the other. A person can commit first-degree wanton endangerment without committing first-degree robbery; an example would be a defendant who shoots a gun into an occupied building. And a person can commit first-degree robbery without committing first-degree wanton endangerment; an example would be a defendant who uses an inoperable pistol to rob a college student of his iPod. Accordingly, it is clear that, under *Blockburger*, first-degree robbery and first-degree wanton endangerment are separate offenses. Therefore, there is no double jeopardy violation in this case.

Recent Kentucky case law supports this holding. As the Kentucky Supreme Court stated succinctly in a 2005 unpublished opinion:

> KRS 515.020 (first-degree robbery) and KRS 508.060 (first-degree wanton endangerment) each require proof of an additional statutory fact that the other does not. For instance, first-degree robbery requires proof of theft and first-degree wanton endangerment does not. . . . First-degree wanton endangerment requires action that manifests an extreme indifference to human life and the robbery statute does not. Because each offense requires proof that the other does not, there is no double jeopardy violation.

*Crisp v. Commonwealth*, 2005 WL 629005, *2 (Ky. 2005). Similarly, in 2008, the Kentucky Court of Appeals conducted a *Blockburger* analysis of the first-degree robbery and first-degree wanton endangerment statutes and found that these are two distinct crimes. *Grider v. Commonwealth*, 2008

WL 299023, *2 (Ky. Ct. App. 2008).  These cases provide compelling support for what is in any event a plain reading of the elements of the two Kentucky criminal statutes.  Whether there is a federal double jeopardy violation where each statute contains an element not required in the other is a federal issue, however.  In other words, Kentucky law determines the elements of the crimes; federal law determines whether there is a double jeopardy violation when neither crime is a lesser included offense of the other.

Groves maintains that the first-degree wanton endangerment charges were based on the "same conduct" that gave rise to the first-degree robbery charge—pointing a gun at Wendy's employees—and, therefore, the wanton endangerment charges should have merged into the robbery charge.  Groves cites the Kentucky Supreme Court cases of *Marshall v. Commonwealth*, 625 S.W.2d 581 (Ky. 1981), and *Gilbert v. Commonwealth*, 637 S.W.2d 632 (Ky. 1982), to support his argument.  These cases, however, were decided well before the 1993 United States Supreme Court decision squarely rejecting the "same-conduct" test for double jeopardy and limiting the federal double jeopardy analysis solely to the question of whether each crime contained an element not contained in the other.  *United States v. Dixon*, 509 U.S. 688, 703-12 (1993).  In light of *Dixon*, it is immaterial whether the victims of Groves's wanton endangerment crimes were Wendy's employees and, thus, the charges "all emanated from the same conduct," as Groves claims.[1]  What matters is whether,

---

[1] It is likewise unnecessary to allow Groves to supplement the record to prove these points.

under *Blockburger*, first-degree robbery and first-degree wanton endangerment are separate offenses. Since they clearly are, Groves's double jeopardy claim is unavailing.

Finally, Groves suggests that there is a double jeopardy violation because "the Kentucky legislature did not intend an act of using a weapon while committing a robbery to result also in a wanton endangerment conviction." Groves cites *Missouri v. Hunter*, 459 U.S. 359 (1983), and its progeny, to support his argument. Groves clearly misinterprets *Hunter*. There, the Supreme Court held that even if two crimes constitute a single offense under *Blockburger*, a defendant may still be convicted of and punished for both crimes in a single trial if the legislature intended for multiple punishments to apply. *Hunter*, 459 U.S. at 368-69. It does not logically follow from this that if two crimes are *separate* offenses under *Blockburger*, a defendant may not be convicted of both crimes if the legislature did not intend for multiple punishments to apply. Indeed, Groves cites no legal authority requiring such a reading of *Hunter*. Accordingly, Groves's reliance on *Hunter* is misplaced and his double jeopardy claim is without merit.

A state may of course provide that a defendant may not be punished for one state crime if the defendant has also been convicted of another particular crime, even though the crimes are different under the *Blockburger* test. But such a legal prohibition would be a matter of state law. Under *Dixon*, the *federal* double jeopardy prohibition applies only where each of the required elements of one of the crimes is required for the other. Because that is clearly not the situation in this case, there is no federal jeopardy violation, even if Kentucky law were interpreted to prohibit prosecution under both statutes.

Judge White would affirm for different reasons. The judgment of the district court is accordingly affirmed.

**SILER**, Circuit Judge, concurring and dissenting in part.  I concur in the majority opinion to the extent that it affirms the denial of the writ of habeas corpus by the district court on Counts 1-4, 6.  I dissent, however, on the denial of the writ on Count 5 for the reasons stated herein.  As the majority observes, in *Marshall v. Commonwealth*, 625 S.W.2d 581 (Ky. 1981), the Supreme Court of Kentucky held that a defendant's conviction for first-degree wanton endangerment during a robbery constituted double jeopardy when the defendant was also convicted of first-degree robbery. *Id*. at 582-83.  Of course, we must decide whether this is still the law after *United States v. Dixon*, 509 U.S. 688, 703-12 (1993).  The test now for double jeopardy is not whether both charges involve the same conduct, but whether each crime requires proof of a fact the other does not.  As the majority observes, after *Dixon*, Kentucky courts have held that charges for first-degree wanton endangerment and first-degree robbery pass the test under *Blockburger v. United States*, 284 U.S. 299 (1932). *See Crisp v. Commonwealth*, No. 2004-SC-0058-MR, 2005 WL 629005, at *2 (Ky. Mar. 17, 2005), *Grider v. Commonwealth*, No. 2006-CA-001999-MR, 2008 WL 299023, at *2 (Ky. Ct. App. Feb. 1, 2008).

While it is clear that first-degree robbery requires proof of an element that first-degree wanton endangerment does not (*i.e.*, theft), it is less clear whether the reverse is true.  In other words, it is unclear whether "us[ing] or threaten[ing] the . . . use of physical force upon another person" while being "armed with a deadly weapon" (an element of first-degree robbery) constitutes "manifesting extreme indifference to the value of human life" and "wantonly engag[ing] in conduct which creates a substantial danger of death or serious physical injury to another person" (elements

of first-degree wanton endangerment). *See* K.R.S. §§ 508.060, 515.020(1)-(1)(b). Both the *Crisp* and *Grider* opinions gave only a cursory analysis on this issue. Both cases, however, based their decisions on the fact that the acts giving rise to the wanton endangerment charge involved either different victims or different time periods than the robbery charge.

The problem here, obviously, is that Groves pled guilty to the charges and now raises his double jeopardy claim. The government asserts that under *United States v. Broce*, 488 U.S. 563, 574 (1989), the petitioner cannot collaterally attack his conviction. The Supreme Court held that the defendants in *Broce* could not "prove their claim by relying on those indictments and the existing record," so their double jeopardy claim was foreclosed. *Id.* at 576. Therefore, in light of *Broce*, the inquiry becomes whether, based on the face of the indictment and the state court record, the wanton endangerment claims merge with the first-degree robbery claim. Groves asserts that the five individual victims in Counts 2-6 were the same Wendy's employees referred to in Count 1 and thus, double jeopardy applies. However, the record is unclear whether the named victims were Wendy's staff or customers or whether the actions related in Counts 2-6 occurred during, after, or before the robbery. Nevertheless, there is an affidavit from the state court record signed by Evon Gould, the apparent victim in Count 5. This affidavit was created in 2005, less than one month before Groves pled guilty, and it states that Evon was one of Wendy's employees working on the date when the store was robbed.

It is unclear from the face of the indictment and the state court record whether the indictment charges two separate crimes arising out of separate events. We have interpreted *Broce* broadly to

mean that a guilty plea does not waive double jeopardy challenges where "'the [double jeopardy] issues appear on the face of the indictment and can be resolved without an additional evidentiary hearing.'" *United States v. Ehle*, 640 F.3d 689, 694 (6th Cir. 2011) (quoting *United States v. Ragland*, 3 F. App'x 279, 284 n.3 (6th Cir. 2001). Because the record shows that Gould was the victim in Count 1 and was an employee at the time the store was robbed, I would remand the case to the district court with directions to grant the writ with respect to Count 5 only, and to deny the writ with respect to all the other remaining counts in the state indictment.

**HELENE N. WHITE, Circuit Judge, concurring.** I concur in the result of the lead opinion but my reasoning is more in line with the dissent. The federal courts generally have no role in determining whether the federal Double Jeopardy Clause is violated when a defendant is convicted of multiple offenses in a single proceeding. Rather, the question in such circumstances is whether the state legislature intended that there be multiple punishment under the circumstance; and "[w]hen assessing the intent of a state legislature, a federal court is bound by a state court's construction of that state's own statutes." *Banner v. Davis*, 886 F.2d 777, 780 (6th Cir. 1989) (citations omitted). Had the state appellate court ruled that multiple punishment was intended that would be the end of this case, without regard to *Blockburger* or any other test for determining whether two offenses are the same offense. *See id.* at 780–82. The wrinkle here is that the state appellate court did not rule on the double jeopardy question; it ruled on the waiver question. For that reason, I believe the dissenting opinion correctly wades into those waters. I agree that the correct inquiry to determine whether the double jeopardy claim could constitutionally be waived by the plea is whether the violation is clear on the face of the indictment or requires factual development, and that in the instant case, the violation is not clear on the face of the indictment and factual development is necessary. Here, I part ways with the dissent. Although the affidavit cited by the dissent appears to support Groves's claim, the affidavit does not establish that the charge, "judged on its face[,] . . . is one which the State may not constitutionally prosecute." *Menna v. New York*, 423 U.S. 61, 63 n.2. (1975). In *United States v. Broce*, the Supreme Court rejected a double jeopardy challenge brought by two defendants as foreclosed by their guilty pleas, reasoning that their double jeopardy claim did

- 11 -

not fall within *Menna*'s exception to the waiver rule because they could not "prove their claim by relying on th[eir] indictments and the existing record." 488 U.S. 563, 576 (1989). These cases do not establish that an affidavit can be considered in the guilty-plea context to prove that the same conduct gives rise to both charges. Reference to an affidavit is, in my view, inappropriate. An affidavit can be contradicted by other affidavits, and the presence of an affidavit in the record without more does not support its accuracy. Thus, the decision of the Kentucky Court of Appeals was not an unreasonable application of *Menna* and *Broce*.

I feel constrained to observe that *Marshall v. Commonwealth*, 625 S.W.2d 581 (Ky. 1981), and *Gilbert v. Commonwealth*, 637 S.W.2d 632 (Ky. 1982), were decided long before Groves pled guilty and have not been overruled. If in fact the reckless endangerment here was part of the robbery, one must wonder why trial counsel did not address the issue before Groves entered his pleas, and why this issue was not included in the ineffective-assistance-of-counsel claims.